■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THERESA ROMERO, Appellant.—Judgment, Supreme Court, New York County (Herbert Altman, J., at jury trial and sentence), rendered June 28, 1989, convicting defendant of criminal sale of a controlled substance in the third degree, and sentencing her to a term of 4½ to 9 years in prison, unanimously affirmed.

The defendant was convicted of charges arising out of a buy and bust operation, despite testimony from the co-defendant admitting guilt and exonerating the defendant.

After the presentation of the People's direct case, juror number four indicated to the court that she knew the undercover police officer. The Trial Justice conducted an *in camera* hearing, in the presence of both counsel but without the defendant, to determine whether the juror's prior contact with the officer warranted her discharge. After this inquiry, the trial court heard counsel's argument, in open court with the defendant present, and concluded that the juror could remain on the jury. Under the circumstances, the Trial Justice's *in camera* questioning of the juror in the presence of counsel only did not constitute a material part of the trial, which required defendant's presence. *(People v Mullen,* 44 NY2d 1.) *People v Buford* (69 NY2d 290), is not to the contrary. In *Buford,* the court was principally concerned with the propriety of the trial court's decision to disqualify the sworn juror over defense counsel's objection. The dicta relied upon by the defendant simply set forth the general requirement that a

hearing be conducted on the issue of disqualification, and do not suggest that both defendant and counsel must be present during such *in camera* questioning. *(See, People v Darby,* 75 NY2d 449.)

We have considered defendant's remaining argument and find it to be without merit. Concur—Sullivan, J. P., Carro, Ellerin, Wallach and Ross, JJ.