■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAMON LIRIANO, Appellant.—Judgment, Supreme Court, Bronx County (Joseph Cerbone, J., at suppression hearing; Harold Silverman, J., at trial and sentence), rendered July 3, 1990, convicting defendant after a jury trial of criminal possession of a weapon in the third degree, and sentencing him to an indeterminate term of imprisonment of 1 to 3 years, unanimously affirmed.

Defendant was arrested by officers responding to a radio report of a man with a gun having a dispute with others. The officers testified at trial that defendant, who fit the description of the person with the gun, tossed the gun away upon their arrival on the scene. Defendant called three witnesses who testified that he was not armed before the police arrived.

During recross-examination of one of the officers, the court did not permit counsel to establish whether the officer had spoken with the person who had given the police the description of the person with the gun. Further, the court sustained a number of objections by the prosecutor and blocked answers to a number of questions on its own initiative about whether the officer had seen other people wearing the clothes mentioned in the radio report.

During direct examination of one of defendant's witnesses, the court sustained the prosecutor's objection that interrupted a hypothetical question. The court did not allow counsel to finish the question, and when counsel sought a mistrial, the court advised counsel to reserve his motion. The motion, however, was not later renewed.

After the testimony of the ballistics expert, the court examined a juror in the robing room in the presence of counsel, but in the absence of defendant. The juror, who had asked questions from the jury box, told the court, inter alia, that he thought he would be "picked on." After the juror left the

robing room, the court said that it had detected the odor of alcohol on his breath. The prosecutor said she made the same discovery on the way into the robing room. Counsel moved for a mistrial, based on the actions of the juror in the courtroom and the reaction of other jurors, but did not challenge the court's determination that the juror was not fit. After the juror was excused, the remaining jurors were individually polled in the presence of defendant as to whether they were adversely affected by a substitution.

During the defense case and after counsel had waived defendant's presence, a second juror told counsel and the court, in the absence of defendant, that he had been told that he might lose his job because of his service as a juror. After the court offered to ameliorate the difficulty, the conference ended.

Defendant's claims that the conduct of the court deprived him of his due process rights to present a defense, to the effective assistance of counsel, and to a fundamentally fair trial have not been preserved (People v Charleston, 56 NY2d 886). Were we to review the claim in the interest of justice, we would find it lacking in merit. The court sparingly exercised its power to intervene and judiciously exercised its discretion in controlling the nature of counsel's examination. (People v Jamison, 47 NY2d 882.) The court did not assume the role of the prosecutor with its question to the officer about the number of people who were on the scene and fit the description in the radio broadcast. The court did not denigrate counsel in front of the jury or suggest that the defense witness was not credible.

Defendant's claim that his right to be present at a material part of the trial was violated is also unpreserved. There was no objection by trial counsel, and defendant's absence from the robing room was not an error that affects the organization of the court or the mode of proceedings prescribed by law. While the court was duty bound to replace any unqualified juror (CPL 270.35), defendant's presence during the court's questioning was not a material part of the trial. (People v Mullen, 44 NY2d 1.) Were we to reach defendant's claims in the interest of justice, we would find no error occurred. (People v Darby, 75 NY2d 449, 453.) In the circumstances presented defendant's absence did not thwart a fair hearing on the juror's qualifications. (Snyder v Massachusetts, 291 US 97, 108.) Nor does this case come within the "future particular fact pattern" that Darby envisioned might require greater safeguards than the sole presence of counsel (People v Darby,

75 NY2d, *supra,* at 453). Although *People v Buford* (69 NY2d 290, 294) states that a court's inquiry into a juror's qualifications under CPL 270.35 be conducted in the presence of the attorneys and defendant, we have previously ruled that the dicta in *Buford* set forth the general requirement that a hearing be conducted on the issue of disqualification, and do not suggest that both defendant and counsel must be present during the questioning. *(People v Romero,* 172 AD2d 272.) Concur—Sullivan, J. P., Carro, Rosenberger and Rubin, JJ.