OPINION OF THE COURT
Gerald Sheindlin, J.
In this multidefendant riot and attempted murder case, an issue has arisen as to the propriety of excluding defendants from the "independent source” portion of a Wade hearing that does not pertain to them.
BACKGROUND
On July 13, 1990, a bloody riot erupted at the Rikers Island prison facility. Several correction officers were seriously injured in the insurrection. During the ensuing investigation, photographic arrays and lineups were conducted and 14 defen *679 dants were arrested and charged with attempted murder in the second degree, riot in the first degree, promoting prison contraband in the first degree, assault in the second degree, conspiracy in the second degree and criminal possession of a weapon in the fourth degree.
Thirteen of the 14 defendants are predicate felons, and 8 of the defendants are serving prison sentences ranging from 9 years to 100 years for crimes that include assault in the first degree, attempted rape in the first degree and robbery in the second degree and manslaughter in the first degree.
For security purposes, each defendant must be guarded by three court officers. Heightened safety measures result in 45-minute delays when the defendants are transported to and from the holding pens and the courtroom. Since all of the defendants are of the Muslim faith, prayer sessions are required at 1:00 p.m., and 5:00 p.m. Accordingly, this court is required to commence the luncheon recess at 12:15 P.M., and to end the court day at 4:15 p.m. This abbreviated trial day has been further shortened by the failure of the Department of Correction to produce the defendants before 10:30 a.m.
WADE HEARING
Eight of the defendants* moved for a Wade hearing, alleging that their respective photo arrays and lineups were suggestive and would taint any in-court identification. This court has determined that inquiry into "independent source” for each of the defendants must be made. Because of the logistical problems encountered in this multidefendant case, this court has proposed that a defendant may only attend that portion of the Wade hearing that pertains to him. That is, a defendant may be present only when a witness testifies and offers evidence relating to that particular defendant’s identification. However, to safeguard the accused’s rights, the attorneys of the excluded defendants would be permitted to attend the entire suppression hearing as observers. Also, daily copy of the proceeding would be provided to all of the defendants. Furthermore, upon a showing by defendant’s counsel that an identification witness is relevant to an excluded defendant’s case, that witness may be recalled and cross-examined in the presence of the formerly excluded defendant.
The defense attorneys object to this procedure, and *680 collectively argue that the process violates an accused’s rights to confrontation and the right to be present at all material stages of the proceedings. For the reasons set forth below, defendants’ arguments are rejected and this court finds that the challenged procedure fully comports with due process.
CONCLUSIONS OF LAW
The right of an accused to be present at trial and to confront adverse witnesses is guaranteed by the Constitution and by statute. (US Const 6th, 14th Amends; NY Const, art I, § 6; CPL 260.20; see also, Illinois v Allen, 397 US 337, 347 [1970]; Pointer v Texas, 380 US 400, 400-401 [1965]; People v Byrnes, 33 NY2d 343, 349 [1974].) Moreover, the right to be present and confront is not absolute (see, Illinois v Allen, 397 US, supra, at 342), and must be kept "within the limits of common sense” (People ex rel. Lupo v Fay, 13 NY2d 253, 256 [1963], cert denied sub nom. Lupo v Fay, 376 US 958 [1964]), for due process requires the presence of a defendant only at material stages of the trial and only to the extent to which an accused’s presence has "a relation, reasonably substantial, to the fulness of his opportunity to defend against the charge” (Snyder v Massachusetts, 291 US 97, 105-106 [1934]; People ex rel. Bartlam v Murphy, 9 NY2d 550, 552 [1961]; People v Davis, 172 AD2d 273 [1st Dept 1991]). Thus, the inquiry here narrows to whether the "independent source” portion of a Wade hearing that pertains only to a particular defendant, is a material part of the excluded defendants’ case, where the excluded defendants’ identity would not be in issue during that Wade segment. Would the excluded defendant be deprived of an opportunity to defend against the charges? This court is unaware of any case which addresses this novel issue. However, analogous cases are instructive for the resolution of this problem.
In Kentucky v Stincer (482 US 730 [1987]), as in this case, a defendant claimed that he had been deprived of due process and his right to confrontation. There, the trial court conducted an in-chambers hearing to determine the competency of the two young girls with whom the defendant was charged with sodomizing. Defendant, but not his attorney, was excluded from the hearing. Since the purpose of the hearing was to determine testimonial capacity, the attorneys were limited to asking questions of the witnesses designed to determine whether the girls were capable of remembering basic facts and *681 distinguishing between truth and falsehood. The defendant was permitted to repeat, during trial, the questions posed during the hearing. Noting that the right to confrontation "is a functional one for the purpose of promoting reliability in a criminal trial”, the Supreme Court found that the defendant was not deprived of his Sixth Amendment right. (Kentucky v Stincer, 482 US, supra, at 739, 744.) Of significance were the facts that the questions at the hearing were limited to matters unrelated to basic trial issues and the hearing questions could have been repeated during cross-examination in open court with the defendant present and available to assist his attorney. (Kentucky v Stincer, 482 US, supra, at 740-744.) Recognizing that a defendant is allowed to be present " 'to the extent that a fair and just hearing would be thwarted by his absence,’ ” the court held that the defendant’s constitutional rights were not violated by his exclusion from the competency hearing since there was no indication that the defendant’s presence at the hearing would have been useful in ensuring a more reliable competency determination. (Kentucky v Stincer, 482 US, supra, at 745.)
Analogous results were reached in United States v Gagnon (470 US 522 [1985]). There, the Supreme Court held that the defendants’ due process rights were not violated by their absence from an in-camera discussion regarding the impartiality of a certain sworn juror. The defense attorneys were present at the proceedings. The Supreme Court reasoned that the defendants’ presence was not required to ensure fundamental fairness or a reasonably substantial opportunity to defend against the charge. (United States v Gagnon, 470 US, supra, at 526-527.) The court noted that the defendants "could have done nothing had they been at the conference, nor would they have gained anything by attending.” (United States v Gagnon, 470 US, supra, at 527.)
New York State cases that address the confrontation and due process issues follow the Federal law. (See, eg., People v Velasco, 77 NY2d 469, 472 [1991]; People v Ciaccio, 47 NY2d 431, 436 [1979].) In Velasco, the Court of Appeals espoused the standard enunciated in Snyder v Massachusetts (291 US 97, supra) and found that a defendant need not have been present at a side-bar hearing at which the qualifications of a prospective juror were discussed. (People v Velasco, 77 NY2d, supra, at 473.) The court determined that under the circumstances, the defendant’s presence at the bench conference would have been " 'useless, or the benefit but a shadow.’ ” (People v *682 Velasco, 77 NY2d, supra, at 473, quoting Snyder v Massachusetts, 291 US, supra, at 106-107.) Case law is replete with examples of when a defendant’s presence is not required during that portion of a trial to which he could contribute nothing to the defense against the charges. (See, People v Rodriguez, 76 NY2d 918, 921 [1990] [defendant did not have right to be present at a colloquy between his attorney and the court wherein only the sufficiency of read back was discussed]; People v Ferguson, 67 NY2d 383, 389-391 [1986] [defendant did not have a right to be present when his attorney consented to a mistrial]; People v Liriano, 177 AD2d 423, 424-425 [1st Dept 1991] [defendant need not be present for questioning of sworn juror regarding fitness to remain in jury]; People v Davis, 172 AD2d, supra, at 273 [defendant need not be present for conference charge]; see generally, Note, Right to be Present, 8 Touro L Rev 972 [1992].)
Applying the rationale of the above-cited cases to the facts here, this court concludes that a defendant need not be present at that portion of a Wade hearing that pertains only to the identification of a codefendant. Certainly, there is no question that a Wade hearing is a material part of the trial for a defendant whose identity is at issue. (See, People v Anderson, 16 NY2d 282, 288 [1965].) However, given that the limited purpose of a Wade hearing is to test the fairness and reliability of a pretrial identification as to a particular defendant (see, CPL 710.20), that portion of a hearing to suppress identification testimony is not a material part of a trial of the codefendant who is not being identified. The reliability of the codefendant identification does not affect any rights of a nonidentified defendant and a defendant is not the guardian of the rights and interests of a codefendant. (See, People v Carter, 86 AD2d 451, 457 [2d Dept 1982].)
Furthermore, the fact that the testimony at issue would occur during the suppression hearing which, broadly speaking, is part of the trial of indictment No. 9483/91, does not confer upon all of the defendants a per se right to be present during the entire proceeding. The defendants are only being excluded from those parts of the hearing which are not relevant to them. Their presence would be "useless, or the benefit but a shadow” since the issues addressed would have no bearing on their case.
Finally, the defendants’ arguments that they would be deprived of confrontational rights is also rejected. The Sixth Amendment’s Confrontation Clause provides "In all criminal *683 prosecutions, the accused shall enjoy the right * * * to be confronted with the witnesses against him.” Pursuant to the Fourteenth Amendment, this right is applicable to State as well as Federal criminal proceedings. (See, Illinois v Allen, 397 US, supra, at 338; Pointer v Texas, 380 US, supra, at 400-401 [1965]; People v Byrnes, 33 NY2d, supra, at 349; see also, NY Const, art I, § 6; CPL 340.50, 260.20; People v Thorn, 156 NY 286, 297 [1898].) The provision had reference to persons who would testify against the accused. (People v Thorn, 156 NY, supra, at 297.) Here, an identification witness who does not offer any evidence against a particular defendant is simply not "adverse” to the nonidentified defendant. Thus, the non-implicated defendant has no right to confront the witness, since no liberty interest is placed in jeopardy.
CONCLUSION
Pursuant to Judiciary Law § 2-b (3), which empowers a court of record to devise new forms of proceedings necessary to effectuate the administration of justice, this court rules that the defendants who will not be identified by a particular "independent source” witness may not attend that portion of the Wade hearing. Their attorneys may, however, be present for the entire proceeding and any identifying witness may be subject to recall and cross-examination in the formerly excluded defendant’s presence provided relevancy is established. The above procedure will afford the defendants all the constitutional rights to which they are entitled.

 Four defendants pleaded guilty prior to the preliminary hearing.