FOURTH DEPARTMENT, FEBRUARY, 2002

(February 1, 2002)

■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v AARON HAMMOND, Respondent. [737 NYS2d 733] —Appeal from an order of Ontario County Court (Henry, Jr., J.), entered July 7, 2000, which granted in part defendant's motion and dismissed counts one, eight, and nine of the indictment and suppressed, inter alia, defendant's statements.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously reversed on the law, the mo-

tion is denied, counts one, eight and nine of the indictment are reinstated and the matter is remitted to Ontario County Court for further proceedings on the indictment.

Memorandum: County Court erred in granting that part of the motion of defendant seeking to suppress his statements and items of physical evidence seized from his person, vehicle, and residence and from his grandmother's residence as the fruits of an illegal stop. The police officer who stopped defendant's vehicle had probable cause to believe that defendant committed several traffic violations, and the officer's admitted intention to stop the vehicle irrespective of those violations does not render the stop illegal (*see, People v Robinson,* 97 NY2d 341).

The court also erred in granting that part of defendant's motion seeking to dismiss the indictment by dismissing count one, charging criminal possession of a weapon in the first degree (Penal Law § 265.04), and counts eight and nine, each charging criminal possession of a weapon in the fourth degree (Penal Law § 265.01 [2]), on the ground that the evidence of intent presented to the Grand Jury is insufficient to support those counts. Evidence of defendant's possession of an explosive substance, a machete and a shank or homemade knife, coupled with the statutory presumption of intent (*see,* Penal Law § 265.15 [4]), is legally sufficient to establish a prima facie case with respect to counts one, eight and nine (*see, People v Monero,* 184 Misc 2d 764, 766-767). That evidence, "viewed in the light most favorable to the People, if unexplained and uncontradicted, would warrant conviction by a petit jury" on those counts (*People v Jennings,* 69 NY2d 103, 114).

We therefore reverse the order, deny defendant's motion in its entirety, reinstate counts one, eight and nine of the indictment and remit the matter to Ontario County Court for further proceedings on the indictment. Present—Pigott, Jr., P.J., Green, Hayes, Kehoe and Burns, JJ.