(April 8, 2004)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOAQUIN DURAN, Appellant. [775 NYS2d 390]—

Mercure, J.P. Appeals (1) from a judgment of the County Court of Essex County (Lawliss, J.), rendered November 10, 1999, upon a verdict convicting defendant of the crimes of promoting prison contraband in the first degree and criminal possession of a weapon in the third degree, and (2) by permission, from an order of said court, entered March 27, 2002, which denied defendant's motion pursuant to CPL 440.10 to vacate the judgment of conviction, after a hearing.

Defendant, an inmate at Adirondack Correctional Facility in Essex County, was charged in an indictment with committing the crimes of promoting prison contraband in the first degree and criminal possession of a weapon in the third degree, after a correction officer discovered a four-inch sharpened piece of metal hidden in defendant's locker. Following a jury trial, defendant was convicted as charged and sentenced on each count to concurrent prison terms of $3^{1}/_{4}$ to $6^{1}/_{2}$ years, to run consecutively to the sentence he was serving at the time of the discovery of the metal shank. Defendant appeals from the judgment of conviction and, by permission, from the order denying his motion to vacate the judgment. We now affirm.

With respect to the denial of his CPL 440.10 motion, defendant contends that County Court violated his right to due process when it limited his direct examination of his trial counsel. County Court "has broad discretion in controlling the conduct of the [hearing], which includes limiting the scope of direct, cross, and redirect examination" (*Ingebretsen v Manha*, 218 AD2d 784, 784 [1995]; *see People v Jamison*, 47 NY2d 882, 883-884 [1979]; *People v Liriano*, 177 AD2d 423, 424 [1991], *lv denied* 79 NY2d 949 [1992]). Here, County Court limited the subject of the hearing to two topics: (1) whether counsel told defendant that the court had said that defendant should not testify, and (2) counsel's alleged failure to call a witness who kept inmate grievance records. In our view, County Court did not abuse its discretion in restraining defendant's examination to keep it relevant to the limited purposes of the hearing.

Turning to the direct appeal, defendant asserts that his

conviction for criminal possession of a weapon in the third degree was based on legally insufficient evidence. In particular, defendant argues that the People failed to establish the requisite intent to unlawfully use the shank (*see* Penal Law § 265.01 [2]; § 265.02 [1]). A person who possesses a "weapon, instrument, appliance or substance designed, made or adapted for use primarily as a weapon" is presumed to "inten[d] to use the same unlawfully against another" (Penal Law § 265.15 [4]; *see People v Hammond*, 291 AD2d 779, 780 [2002]; *People v Slade*, 140 AD2d 885, 887 [1988]). Here, the jury could infer that the metal shank, which was hidden in a padlocked locker located in defendant's dormitory room and to which only defendant had the combination, was in his constructive possession (*see* Penal Law § 10.00 [8]; *People v Manini*, 79 NY2d 561, 573 [1992]). Inasmuch as defendant did not rebut the presumption of intent, we conclude that a "valid line of reasoning and permissible inferences which could lead a rational person to the conclusion reached by the jury" exists (*People v Bleakley*, 69 NY2d 490, 495 [1987]; *see People v Almarez*, 2 AD3d 1151, 1152 [2003]). Thus, it cannot be said that the evidence was legally insufficient to support defendant's conviction of criminal possession of a weapon in the third degree.

Defendant's remaining contentions do not require extended discussion. We are unpersuaded that defense counsel provided ineffective assistance. Trial counsel effectively cross-examined witnesses, made objections, and delivered opening and closing statements advancing his theory of the case, leading to the conclusion that defendant received meaningful representation (*see People v Pagan*, 304 AD2d 980, 981 [2003], *lv denied* 100 NY2d 564 [2003]). Nor were the People required to turn over material from a prison disciplinary hearing to the defense, as defendant asserts. The People did not have possession or control of the material and were under "no obligation to attempt to locate and gain possession of" such material (*People v Livingston*, 262 AD2d 786, 790 [1999], *lv denied* 94 NY2d 881 [2000]; *see People v Howard*, 87 NY2d 940, 941 [1996]).

We have examined defendant's other contentions and find them to be without merit.

Peters, Rose, Lahtinen and Kane, JJ., concur. Ordered that the judgment and order are affirmed.