# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

108

KA 13-00022

PRESENT: SCUDDER, P.J., FAHEY, PERADOTTO, LINDLEY, AND SCONIERS, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

ELJAE HILL, DEFENDANT-APPELLANT.

---

J. SCOTT PORTER, SENECA FALLS, FOR DEFENDANT-APPELLANT.

WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (VICTORIA M. WHITE OF COUNSEL), FOR RESPONDENT.

---

Appeal, by permission of a Justice of the Appellate Division of the Supreme Court in the Fourth Judicial Department, from an order of the Onondaga County Court (John H. Crandall, A.J.), dated December 19, 2012. The order denied the motion of defendant to vacate a judgment of conviction pursuant to CPL 440.10.

It is hereby ORDERED that the order so appealed from is unanimously reversed on the law and the matter is remitted to Onondaga County Court for a hearing pursuant to CPL 440.30 (5).

Memorandum: We agree with defendant that County Court erred in denying without a hearing his motion pursuant to CPL 440.10 to vacate his judgment of conviction on the ground that his plea was not knowingly, voluntarily or intelligently entered because he did not receive effective assistance of counsel. Defendant's submissions "tend[ ] to substantiate all the essential facts" necessary to support his claim of ineffective assistance of counsel (CPL 440.30 [4] [b]). Moreover, his allegations are not contradicted by a court record and are supported by other affidavits, and "it cannot be said that 'there is no reasonable possibility that [they are] true' " (*People v Beach*, 186 AD2d 935, 936, quoting CPL 440.30 [4] [d] [ii]). Specifically, defendant averred that defense counsel advised him that, if he pleaded guilty and cooperated with the District Attorney's office in its investigation of other criminal matters, he would receive a sentence of no more than five years of incarceration. Three other people averred that defense counsel told defendant's fiancé, mother and father that defendant would receive "no more than" a five-year sentence. At the time of the plea, the court informed defendant that the agreed-upon sentence was a term of incarceration of 10 years, but noted that it would approve a lesser sentence if one were recommended by the People "based upon any cooperation [from defendant that the People] deem[ed] satisfactory and helpful." After defendant met with representatives of the District Attorney's office to fulfill his

obligation under the cooperation agreement, the court sentenced him to a term of incarceration of 10 years.  According to defendant, defense counsel miscommunicated to him the level of cooperation necessary for the People to recommend a lesser sentence and misled him concerning what his sentence would be if he entered a plea to the indictment.  The affidavits submitted by defendant in support of the motion raise factual issues that require a hearing (*see* CPL 440.30 [5]; *People v Frazier*, 87 AD3d 1350, 1351).  Consequently, we reverse the order and remit the matter to County Court to conduct a hearing on defendant's motion.

Entered:  February 7, 2014                          Frances E. Cafarell
                                                    Clerk of the Court