# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

691
KA 15-01532
PRESENT: CENTRA, J.P., LINDLEY, CURRAN, TROUTMAN, AND SCUDDER, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                            MEMORANDUM AND ORDER

JENISE HADDAD SMITH, DEFENDANT-APPELLANT.

---

EASTON THOMPSON KASPEREK SHIFFRIN LLP, ROCHESTER (BRIAN SHIFFRIN OF COUNSEL), FOR DEFENDANT-APPELLANT.

SCOTT D. MCNAMARA, DISTRICT ATTORNEY, UTICA (STEVEN G. COX OF COUNSEL), FOR RESPONDENT.

---

Appeal, by permission of a Justice of the Appellate Division of the Supreme Court in the Fourth Judicial Department, from an order of the Oneida County Court (Michael L. Dwyer, J.), dated July 27, 2015. The order denied the motion of defendant to vacate a judgment of conviction pursuant to CPL 440.10.

It is hereby ORDERED that the case is held, the decision is reserved, and the matter is remitted to Oneida County Court for a hearing pursuant to CPL 440.30 (5) in accordance with the following memorandum:  On appeal from an order denying her motion pursuant to CPL 440.10 to vacate a judgment convicting her of attempted murder in the second degree (Penal Law §§ 110.00, 125.25 [1]) and assault in the second degree (§ 120.05 [2]) on the ground of ineffective assistance of counsel, defendant contends, among other things, that County Court erred in denying her motion without a hearing.  We agree.

At trial, the People presented proof that defendant sliced her estranged husband's neck with a kitchen knife while he was lying upon a bed at his parents' residence, but he was able to flee and call for assistance.  The police thereafter found defendant in the residence with allegedly self-inflicted stab wounds, including an abdominal stab wound that required removal of her spleen.  Defendant testified in her own defense at trial and asserted that her husband attacked her with the knife, and that her husband's neck was cut in the ensuing struggle over the knife.  The jury, apparently disbelieving defendant's version of events, convicted her of attempted murder and assault.

Defendant did not appeal her conviction, but filed the instant CPL 440.10 motion to vacate the judgment, contending that her trial attorney was ineffective because he failed to show the jury a wound behind her left armpit, failed to engage a medical expert to testify about that wound, and failed to examine the clothing she was wearing

at the time of the stabbings and to show that clothing to the jury. In support of her motion, defendant submitted an affidavit from a medical expert who opined that the wound behind defendant's left armpit could not have been self-inflicted and was not, as the medical testimony at trial appeared to establish, a surgical wound where a chest tube was inserted when defendant was treated at the hospital. According to defendant, the armpit wound aligned with holes in the shirts she was wearing at the time of the altercation, which supported her claim that her husband stabbed her from behind. At trial, defendant's attorney noted that he had not examined the shirts defendant was wearing at the time of the altercation before they were offered for admission in evidence, and the record is unclear whether trial counsel examined those shirts before their admission. In an affirmation submitted in support of the instant motion, defendant's trial counsel asserted that he did not recall having examined the shirts. The jury did not examine the shirts at trial, although a witness for the People testified that the only holes in the shirts aligned with injuries to defendant's abdomen.

Defendant also submitted an affirmation from her appellate counsel, who examined the shirts and asserted that, contrary to the testimony of the above-mentioned prosecution witness, the holes in the shirts matched precisely the location of defendant's alleged stab wound behind her left armpit. At oral argument of the motion, appellate counsel urged the court to examine the garments before ruling on the motion. The court declined to do so and denied defendant's motion without a hearing.

We conclude that, if, as appellate counsel asserts, there are holes in the shirts defendant was wearing at the time of the altercation matching the wound behind her left armpit, in the absence of some strategic explanation, the failure of defendant's trial attorney to examine that clothing, coupled with his failure to call a medical expert to discuss the wound and to show the wound to the jury, would have been so " 'egregious and prejudicial' " as to deprive defendant of a fair trial (*People v Turner*, 5 NY3d 476, 480). Because defendant's "submissions [thus] 'tend[ ] to substantiate all the essential facts' necessary to support [her] claim of ineffective assistance of counsel" (*People v Hill*, 114 AD3d 1169, 1169, quoting CPL 440.30 [4] [b]; *see People v Howard*, 12 AD3d 1127, 1128), we conclude that the court should have held a hearing on the motion (*see* CPL 440.30 [5]; *People v Frazier*, 87 AD3d 1350, 1351). We therefore reserve decision and remit the matter to County Court for a limited hearing on the issue relating to the location of the holes in the shirts.

Entered:  October 7, 2016                    Frances E. Cafarell
                                             Clerk of the Court