■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JENISE HADDAD SMITH, Appellant. [58 NYS3d 803]—

Appeal, by permission of a Justice of the Appellate Division of the Supreme Court in the Fourth Judicial Department, from an order of the Oneida County Court (Michael L. Dwyer, J.), dated July 27, 2015. The order denied the motion of defendant to vacate a judgment of conviction pursuant to CPL 440.10. The appeal was held by this Court by order entered October 7, 2016, decision was reserved, and the matter was remitted to Oneida County Court for further proceedings (143 AD3d 1236). The proceedings were held and completed.

It is hereby ordered that the order so appealed from is unanimously affirmed.

Memorandum: We previously held this case, reserved decision and remitted the matter to County Court for a hearing on defendant's CPL 440.10 motion to vacate the judgment convicting her following a jury trial of attempted murder in the second degree (Penal Law §§ 110.00, 125.25 [1]) and assault in the second degree (§ 120.05 [2]) (*People v Smith*, 143 AD3d 1236 [2016]). As we noted in our earlier decision, at trial the People presented evidence that defendant sliced her estranged husband's neck with a kitchen knife while he was lying on a bed at his parents' residence, but he was able to flee and call for assistance. The police thereafter found defendant inside the residence with allegedly self-inflicted stab wounds, including an abdominal stab wound that required removal of her spleen. Two medical witnesses testified at trial that a wound located below and behind defendant's left armpit (hereafter, back wound) was caused by one of the two medical witnesses when

he inserted a chest tube during a medical procedure. Defendant testified in her own defense at trial and asserted that her estranged husband attacked her with the knife, and that his neck was cut in the ensuing struggle over the knife.

In her CPL 440.10 motion, defendant contended that the back wound was actually a puncture wound that was caused by her estranged husband. She thus contended that she was denied effective assistance of counsel because trial counsel failed to show the back wound to the jury, failed to engage a medical expert to testify about that wound, and failed to examine the clothing she was wearing at the time of the stabbing, which consisted of a camisole shirt and a sweatshirt. Defendant contended that an examination of the clothing would have revealed that there were holes in the clothing that aligned with the back wound, thus establishing that the wound was caused by her estranged husband inasmuch as that wound could not have been self-inflicted. The court denied the motion without a hearing and without examining the garments.

We concluded that, if there were holes in the shirts matching the back wound, then, in the absence of a strategic explanation, "the failure of defendant's trial attorney to examine that clothing, coupled with his failure to call a medical expert to discuss the wound and to show the wound to the jury, would have been so ' "egregious and prejudicial" ' as to deprive defendant of a fair trial" (*id.* at 1238, quoting *People v Turner*, 5 NY3d 476, 480 [2005]). We directed the court on remittal to conduct "a limited hearing on the issue relating to the location of the holes in the shirts" (*id.*).

At the hearing on remittal, defense counsel waived defendant's presence, and the court examined the two shirts while they were placed both on a table and then on two different sized mannequins. No testimony was taken. The court thereafter found that each garment had only one hole, and that the holes did not align with the back wound. Rather, they more closely aligned with the wound to defendant's abdomen. We conclude that the court properly denied defendant's motion.

Contrary to defendant's contention, the court did not err in limiting the scope of the hearing on remittal. It is well settled that a trial court has broad discretion to limit the scope of a hearing (*see People v Duran*, 6 AD3d 809, 810 [2004], *lv denied* 3 NY3d 639 [2004]; *see generally People v Sorge*, 301 NY 198, 201-202 [1950]), and this is not a situation in which defendant was "denied the opportunity for a full inquiry" (*People v Bryce*, 246 AD2d 75, 79 [1998], *appeal dismissed* 92 NY2d 1024 [1998]; *see People v Days*, 150 AD3d 1622, 1623-1624 [2017]).

Contrary to defendant's further contention, the evidence at the hearing on remittal supported the court's determination. We have reviewed photographs of the shirts both on the table and on the mannequins, and we conclude that the single hole in each shirt does not align in any way with the back wound. Indeed, we agree with the court's conclusion that, "had defense counsel drawn the jury's attention to the relationship between the 'holes in the shirts' and the wounds in defendant's torso, he would have *undermined* [defendant's] claim that [the victim] stabbed her in the back while simultaneously *supporting* the People's argument that the injury to her abdomen was self-inflicted." Moreover, we further agree with the court that, inasmuch as defense counsel was "faced with sworn testimony from an expert medical witness that the expert witness was personally responsible for the [back wound]," any attempt to impeach that testimony by arguing that the wound was caused by the victim and not the medical expert "would have had an extremely adverse effect on defense counsel's credibility and that of [defendant] in the eyes of the jury." We thus conclude that defendant failed to establish that defense counsel was ineffective in failing to address the back wound inasmuch as "[t]here can be no denial of effective assistance of trial counsel arising from counsel's failure to 'make a motion or argument that has little or no chance of success' " (*People v Caban*, 5 NY3d 143, 152 [2005]). Present—Centra, J.P., Lindley, Curran, Troutman and Scudder, JJ.