People v Pendergraph (2019 NY Slip Op 02212)





People v Pendergraph


2019 NY Slip Op 02212


Decided on March 22, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 22, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CENTRA, DEJOSEPH, CURRAN, AND WINSLOW, JJ.


208 KA 18-00319

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
GLENN A. PENDERGRAPH, DEFENDANT-APPELLANT. 






FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (PIOTR BANASIAK OF COUNSEL), FOR DEFENDANT-APPELLANT. 
WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (NICOLE K. INTSCHERT OF COUNSEL), FOR RESPONDENT. 


 Appeal, by permission of a Justice of the Appellate Division of the Supreme Court in the Fourth Judicial Department, from an order of the Onondaga County Court (Gordon J. Cuffy, A.J.), entered January 23, 2018. The order denied defendant's motion to vacate a judgment of conviction pursuant to CPL 440.10. 
It is hereby ORDERED that the order so appealed from is unanimously reversed on the law and the matter is remitted to Onondaga County Court for a hearing pursuant to CPL 440.30 (5) in accordance with the following memorandum: Defendant appeals from an order summarily denying his motion pursuant to CPL 440.10 to vacate the judgment convicting him of murder in the second degree (Penal Law § 125.25 [1]) and criminal possession of a weapon in the second degree (§ 265.03 [former (2)]). Defendant contends that he was deprived of a fair trial because the prosecutor erroneously said on summation that a witness received no benefit for cooperating with the prosecution, and that he was denied effective assistance of counsel because defense counsel failed to object to the prosecutor's comment and because defense counsel told the jury that defendant would testify without first discussing that option with defendant.
Although on direct appeal we rejected defendant's contention that he was denied effective assistance of counsel (People v Pendergraph, 150 AD3d 1703, 1703-1704 [4th Dept 2017], lv denied 29 NY3d 1132 [2017]), we note that his present contentions are properly raised by way of a CPL 440.10 motion because they concern matters outside the record that was before us on his direct appeal (see People v Conway, 118 AD3d 1290, 1291 [4th Dept 2014]; see generally People v Russell, 83 AD3d 1463, 1465 [4th Dept 2011], lv denied 17 NY3d 800 [2011]). We also conclude that CPL 440.10 (3) (c) does not bar defendant's contentions. Although defendant made a prior CPL 440.10 motion, at that time defendant was not "in a position to adequately raise the ground or issue underlying the present motion" (CPL 440.10 [3] [c]) and, in any event, we have the power to exercise our discretion to reach the merits of defendant's contention (see People v Reed, 159 AD3d 1551, 1552 [4th Dept 2018]; People v Pett, 148 AD3d 1524, 1524 [4th Dept 2017]).
With respect to the merits, we conclude that defendant is not entitled to a hearing regarding his contentions that the prosecutor committed misconduct during summation by saying that a witness received no benefit by cooperating with the prosecution and that counsel was ineffective by not objecting thereto. The evidence submitted in support of the CPL 440.10 motion establishes that, in consideration for his cooperation with defendant's prosecution, the witness received the minimum sentence as part of a separate plea deal in another county. Thus, the prosecutor incorrectly stated on summation that the witness received no benefit for cooperating. Nevertheless, we conclude that defendant is not entitled to a hearing on that issue because that one comment was not so egregious as to deprive defendant of a fair trial (see People v Hendrix, 132 AD3d 1348, 1348 [4th Dept 2015], lv denied 26 NY3d 1145 [2016]; People v [*2]Lyon, 77 AD3d 1338, 1339 [4th Dept 2010], lv denied 15 NY3d 954 [2010]). Thus, defense counsel's failure to object thereto did not deprive defendant of effective assistance (see Hendrix, 132 AD3d at 1348).
To the extent defendant contends in his CPL 440.10 motion that counsel was ineffective for not objecting to other comments made by the prosecutor on summation, we conclude that County Court properly denied the motion because this contention is based on matters in the record that were raised on direct appeal. Defendant is therefore not entitled to a hearing on that allegation of ineffective assistance of counsel (see CPL 440.10 [2] [a]; People v McCullough, 144 AD3d 1526, 1526-1527 [4th Dept 2016], lv denied 29 NY3d 999 [2017]).
We further conclude, however, that defendant is entitled to a hearing with respect to whether counsel was ineffective in telling the jury that defendant would testify at trial. In support of his motion, defendant submitted his own affidavit stating that his trial counsel never discussed with him whether testifying would be a good or bad idea, and that he never told counsel that he would testify at trial, and that trial counsel nevertheless told the jury that defendant would testify. Defendant's account is supported by the affirmation of defendant's appellate counsel, who stated that trial counsel admitted that defendant did not tell him before trial that he would testify. Thus, defendant's allegations are potentially supported by other evidence, and "it cannot be said that there is no reasonable possibility that [they are] true" (People v Hill, 114 AD3d 1169, 1169 [4th Dept 2014] [internal quotation marks omitted]). We therefore conclude that a hearing is required to afford defendant an opportunity to prove that trial counsel did not discuss with him whether he would testify before informing the jury that defendant would do so, and that there was no strategic or tactical explanation for telling the jury that defendant would testify (see People v Washington, 128 AD3d 1397, 1400 [4th Dept 2015]). Consequently, we reverse the order and remit the matter to County Court to conduct a hearing on that part of defendant's motion. 
Entered: March 22, 2019
Mark W. Bennett
Clerk of the Court