People v Arevalo (2024 NY Slip Op 00776)

People v Arevalo

2024 NY Slip Op 00776

Decided on February 14, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 14, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
ROBERT J. MILLER
DEBORAH A. DOWLING
CARL J. LANDICINO, JJ.

2022-09251
 (Ind. No. 1684/14)

[*1]The People of the State of New York, respondent,
v
Jesus Arevalo, appellant.

Levitt & Kaizer, New York, NY (Richard W. Levitt and Zachary Segal of counsel), for appellant.
Anne T. Donnelly, District Attorney, Mineola, NY (Daniel Bresnahan and Sarah S. Rabinowitz of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant, by permission, from an order of the Supreme Court, Nassau County (Robert A. Schwartz, J.), dated November 7, 2022, which, after a hearing, denied his motion pursuant to CPL 440.10 to vacate a judgment of the same court (Alan L. Honorof, J.) rendered July 11, 2016, convicting him of conspiracy in the fifth degree (two counts), conspiracy in the fourth degree (five counts), conspiracy in the third degree, assault in the second degree, attempted assault in the second degree, assault in the third degree, attempted coercion in the first degree, criminal possession of a weapon in the second degree (two counts), criminal use of a firearm in the second degree, criminal possession of a firearm, attempted assault in the first degree (five counts), reckless endangerment in the first degree, endangering the welfare of a child, and resisting arrest, upon a jury verdict, and imposing sentence.
ORDERED that the order is affirmed.
In 2016, the defendant was convicted of, inter alia, conspiracy in the fifth degree and assault in the second degree. In 2019, this Court affirmed the judgment of conviction (see People v Arevalo, 168 AD3d 1091), holding, among other things, that the failure of the defendant's trial counsel to preserve for appellate review the claim that the Supreme Court erred in admitting certain testimony and to request a charge in accordance with CPL 60.22 did not deprive the defendant of the effective assistance of counsel (see People v Arevalo, 168 AD3d 1091).
In August 2021, the defendant moved pursuant to CPL 440.10 to vacate the judgment of conviction on the ground that his trial counsel operated under conflicts of interest when he represented the defendant, as trial counsel was facing unrelated criminal charges brought against him by the same District Attorney's Office that brought the charges against the defendant, as well as attorney disciplinary charges. The defendant argued that the conflicts of interest burdening his trial counsel, which were never disclosed to him or the Supreme Court, compromised his defense. After a hearing at which trial counsel testified, the court denied the defendant's motion. Although the court found that trial counsel was an uncooperative witness who was generally not credible, it held that the defendant failed to establish that trial counsel's representation of the defendant was affected by the potential conflicts. The defendant appeals by permission.
Both the Federal and New York State Constitutions "guarantee a criminal defendant legal representation that is 'reasonably competent, conflict-free and singlemindedly devoted to the client's best interests'" (People v Payton, 22 NY3d 1011, 1013, quoting People v Harris, 99 NY2d 202, 209; see US Const, 6th Amend; NY Const, art I, § 6). Cases addressing the effect of a lawyer's conflict of interest on a defendant's right to the effective assistance of counsel differentiate between actual and potential conflicts (see People v Brown, 33 NY3d 983, 987; People v Sanchez, 21 NY3d 216, 223; People v Solomon, 20 NY3d 91, 95). "An actual conflict exists if an attorney simultaneously represents clients whose interests are opposed and, in such situations, reversal is required if the defendant does not waive the actual conflict" (People v Sanchez, 21 NY3d at 223 [citations omitted]).
By contrast, a potential conflict that is not waived by the defendant "requires reversal only if it operates on or affects the defense—i.e., the nature of the attorney-client relationship or underlying circumstances bear a substantial relation to the conduct of the defense" (id. [citation and internal quotation marks omitted]). "The requirement that a potential conflict have affected, or operated on, or borne a substantial relation to the conduct of the defense—three formulations of the same principle—is not a requirement that the defendant show specific prejudice" (id. [alterations and internal quotation marks omitted]; see People v Ortiz, 76 NY2d 652, 657). "Nevertheless, it is the defendant's heavy burden to show that a potential conflict actually operated on the defense" (People v Sanchez, 21 NY3d at 223 [citation and internal quotation marks omitted]; see People v Brown, 33 NY3d at 987).
Contrary to the defendant's contention, the Supreme Court did not deny the defendant the opportunity for a full and fair inquiry at the hearing by sustaining certain objections to his hearing counsel's questions (see People v Smith, 151 AD3d 1955, 1956; cf. People v Bryce, 246 AD2d 75, 79). The court had broad discretion in controlling the conduct of the hearing, which included limiting the scope of direct, cross, and redirect examination (see People v Smith, 151 AD3d at 1956; People v Duran, 6 AD3d 809, 810; see also People v Watson, 163 AD3d 855, 863).
The Court of Appeals has refused to require automatic reversal any time the defense attorney is under investigation or being prosecuted by the same district attorney's office that is trying his or her client (see People v Payton, 22 NY3d at 1014; People v Konstantinides, 14 NY3d 1, 14; see also Cortez v Griffin, 2023 WL 3266926, *18, 2023 US Dist LEXIS 78908, *50-51 [SD NY, No. 18CV766 (PAE/JLC)]). Here, trial counsel's criminal charges and the attorney disciplinary charges were unrelated to the defendant's case. Accordingly, to obtain relief, the defendant was required to demonstrate at the hearing that "the conduct of his defense was in fact affected by the operation of the conflict of interest, or that the conflict operated on the representation" (People v Payton, 22 NY3d at 1014 [internal quotation marks omitted]). The defendant failed to meet that heavy burden (see id.; People v Konstantinides, 14 NY3d at 14; see also People v Sanchez, 21 NY3d at 223). Even if trial counsel's hearing testimony that the criminal and disciplinary proceedings did not affect his representation of the defendant was not credited, the defendant nevertheless failed to make a connection between the potential conflicts and the alleged representational deficiencies (see People v Cortez, 22 NY3d 1061, 1069 [Lippman, Ch. J., concurring]; People v Konstantinides, 14 NY3d at 14; People v Ennis, 11 NY3d 403, 411).
Further, although the prosecution had a mandatory, affirmative obligation to recognize the existence of a potential conflict and to alert the Supreme Court to the facts and circumstances surrounding that potential conflict (see People v McDonald, 68 NY2d 1, 8), the defendant did not establish that the prosecutor's failure to do so here required vacatur of the judgment of conviction (see People v Harris, 99 NY2d at 211; cf. People v Wandell, 75 NY2d 951, 953). Likewise, the defendant failed to establish that the court knew or reasonably should have known of trial counsel's potential conflicts (see People Faulkner, 55 AD3d 924, 926; United States v Levy, 25 F3d 146, 153 [2d Cir]).
CONNOLLY, J.P., MILLER, DOWLING and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court